### Henry D. Laughlin v. Thomas Inman.

1. EVIDENCE—*what does not tend to show condition of cattle at the time of delivery.* A letter from a third party stating that cows delivered by a carrier were in bad condition, is no evidence of such condition at such time, even though such letter was permitted to be read in evidence without objection.

2. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review on the ground that it is against the weight of the evidence unless clearly and manifestly so.

Assumpsit. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this

Laughlin v. Inman.

court at the November term, 1906. Affirmed. Opinion filed June 1, 1907. Rehearing denied November 26, 1907.

W. L. Gross and William R. Moss, for appellant.

E. D. McGowan and Patton & Patton, for appellee.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is an action in *assumpsit* by appellant against appellee. A trial by jury in the Circuit Court resulted in a judgment in favor of the plaintiff for $149.35. The plaintiff seeks to reverse the same upon the ground that the verdict and judgment are inadequate.

The declaration consists of a special count and the common counts. By the special count it is averred that the plaintiff purchased two cows of the defendant and paid for them, and in consideration thereof, the defendant agreed to deliver them to the plaintiff at Chicago in good condition and to accompany them in person or send the same in charge of some careful and competent person, and assigns a breach of the contract that the defendant shipped said cows by rail without an attendant and without taking proper care of them, whereby they were delivered to the plaintiff in Chicago in bad condition and almost ruined, and for a long time were ill and near to death, by reason of which they were depreciated in value and sold by the plaintiff at a loss "through the failure of the defendant to accompany said cattle to Chicago in person or send them in charge of some equally careful and competent person, and to deliver them to the plaintiff in good condition."

By the common counts, the plaintiff seeks to recover for money had and received. The defendant filed the plea of general issue and a counter-claim for services claimed to have been rendered by him in superintending a dairy test of the product of "Brown Swiss" cows at the Buffalo Exposition, and expenses incurred by him in connection therewith.

At the close of all the evidence, the court instructed the jury that there was no evidence in the record tending to sustain the special count of the declaration.

The evidence tends to show that appellant purchased of appellee, at Hanover, Wisconsin, two thoroughbred Brown Swiss cattle for the sum of $550, to be delivered at Chicago, Illinois, in good condition, and that appellee agreed either to accompany said cattle to Chicago or send them in charge of some competent and careful person. That upon the arrival of the cows at Chicago, appellee's agent, one Widmer, to whom they were consigned, immediately reshipped them to Rahway, New Jersey. It was attempted on the trial to show the condition of the cows after their arrival at Rahway. The court held that inasmuch as the place of delivery was Chicago, the burden was upon appellant to show that the injuries complained of were received while they were in transit from Hanover to Chicago, and that proof of their condition at Rahway was not admissible upon the question of damages. The only evidence tending to show that the cows were injured while in transit from Hanover to Chicago, was the reading by appellee of a portion of a letter received by him from Widmer to the effect that the cows were in bad condition when they arrived at Rahway, which portion of the letter appellant claimed to have read to appellee. Notwithstanding no objection was interposed by appellee to the reading of the letter, it was nevertheless incompetent for the purpose of showing the condition of the cows. It was but an unsworn statement by Widmer, who was not called as a witness on the trial. The fact that it was communicated to appellee, cannot be held to be an admission by him as to its truth. There being no competent evidence in the record as to the condition of the cows upon their arrival at Chicago, the instruction of the court was proper.

For this reason the court did not err in refusing to instruct the jury, upon the request of plaintiff, that

Laughlin v. Inman.

circumstantial evidence was competent to show when and where, if at all, the cattle in question were injured, and that it was not required of plaintiff to make direct proof of the charge that they were injured in transit between Hanover and Chicago.

The evidence upon the issue as to whether appellant agreed to pay appellee $600 for his services as superintendent of the "dairy test" at Buffalo, was conflicting. Appellee testified that it was so agreed, while appellant testified to the contrary. The question involved the credibility of the respective parties and the weight to be given to their testimony, and was peculiarly and exclusively for the determination of the jury.

It is urged that the judgment should be reversed for the reason that while appellant's counsel, in argument to the jury, asked for a verdict in his favor of $312.37, and appellee's counsel, on the contrary, claimed $425.28 to be due appellee, the jury returned a verdict not in accordance with either claim. There was practically no controversy over the items of account between the parties, other than the claims for services. It is apparent that the jury, doubtless acting upon a letter in evidence from appellee to appellant dated June 19, 1903, in which appellee offered to accept $100 for his services, allowed him that sum. In view of the conflict in the evidence upon the question, we would not have felt warranted in disturbing the verdict, had the claim for services been fully allowed, or disallowed *in toto*.

While compromise verdicts are not, as a rule, to be approved, we are not prepared to say that the present verdict was so clearly against the evidence as to warrant us in disturbing the same.

The judgment of the Circuit Court is therefore affirmed.

*Affirmed.*